ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2018-Jan-05 15:57:12
60CV-18-108
C06D16 : 25 Pages

# IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## _____ DIVISION

GEORGE PARKER, ARETHA BAKER,
SHARLETTA LAMBERT, KIARA MANGUM,
BRITTNEY SHARKEY, JERRY TERRY,
CAROLYN TUCKER, VERONICA TURNER,
JANICE WILLIAMS, and MARESHA WILLIAMS,
individually and on behalf of all others similarly situated          **PLAINTIFFS**

v.                                CASE NO. _____

U.S. SECURITY ASSOCIATES, INC.                          **DEFENDANT**

---

## CLASS ACTION COMPLAINT

---

### I. INTRODUCTION

1.      This is an action for violations of the Arkansas Minimum Wage Act, Arkansas Deceptive Trade Practices Act, Drug Free Workplaces Act, as well as for conversion and unjust enrichment. Defendant U.S. Security Associates, Inc. ("U.S. Security") is one of the nation's largest private security services firms. U.S. Security contracts with various businesses throughout Arkansas to provide security services, sometimes providing 24-hour security. As part of its services, U.S. Security hired Plaintiffs to work as nonexempt security officers. Despite working over 40 hours in a workweek, Plaintiffs were not paid one-and-a-half times their regular rate of pay for all hours worked over 40.

2.      In addition, Plaintiffs were low-wage earners and their purported hourly rate of pay was at or near the minimum wage. Plaintiffs' actual pay, however, was oftentimes driven below the minimum wage because of improper deductions for

required uniforms, employee badges, mandatory drug tests, and other improper items. These improper deductions violate the Arkansas Minimum Wage Act.

3.    Further, Arkansas law expressly prohibits U.S. Security from shifting the cost of mandatory drug tests to its employees. U.S. Security's policy and practice violates the Arkansas Drug Free Workplaces Act, the Arkansas Deceptive Trade Practices Act, and constitutes conversion and unjust enrichment.

4.    Plaintiffs bring suit on behalf of themselves and others similarly situated to recover unpaid overtime, minimum wage, liquidated damages, declaratory relief, injunctive relief, statutory and compensatory damages, punitive damages, and reasonable costs, expenses, and attorneys' fees.

## II. PARTIES, JURISDICTION, AND VENUE

5.    Plaintiff George Parker is a citizen of Pulaski County, Arkansas. Parker worked for U.S. Security as a security officer in Arkansas from approximately May 2017 until October 2017. Parker primarily worked for U.S. Security at XPO Logistics in Little Rock, Arkansas. During the past three years, Parker has worked more than 40 hours in one or more workweeks, and he was not paid overtime compensation for all his overtime hours worked. Also, during the past three years, Parker was not paid the minimum wage for all his hours worked up to 40 in a workweek because of U.S. Security's unlawful deductions, including deductions for mandatory drug tests.

6.    Plaintiff Aretha Baker is a citizen of Pulaski County, Arkansas. Baker has worked for U.S. Security as a security officer in Arkansas since April 2017. Baker primarily works for U.S. Security at Sysco, Celadon, and Greyhound in Little Rock,

Arkansas. During the past three years, Baker has worked more than 40 hours in one or more workweeks, and she was not paid overtime compensation for all her overtime hours worked. Also, during the past three years, Baker was not paid the minimum wage for all her hours worked up to 40 in a workweek because of U.S. Security's unlawful deductions, including deductions for mandatory drug tests.

7.      Plaintiff Sharletta Lambert is a citizen of Pulaski County, Arkansas. Lambert has worked for U.S. Security as a security officer in Arkansas since January 2014. Lambert primarily works for U.S. Security at Sysco in Little Rock, Arkansas. During the past three years, Lambert has worked more than 40 hours in one or more workweeks, and she was not paid overtime compensation for all her overtime hours worked. Also, during the past three years, Lambert was not paid the minimum wage for all her hours worked up to 40 in a workweek because of U.S. Security's unlawful deductions, including deductions for mandatory drug tests.

8.      Plaintiff Kiara Mangum is a citizen of Mississippi County, Arkansas. Mangum worked for U.S. Security as a security officer in Arkansas for approximately 4 months in 2015. Mangum primarily worked for U.S. Security at Atlas Tube in Blytheville, Arkansas. During the past three years, Mangum has worked more than 40 hours in one or more workweeks, and she was not paid overtime compensation for all her overtime hours worked. Also, during the past three years, Mangum was not paid the minimum wage for all her hours worked up to 40 in a workweek because of U.S. Security's unlawful deductions, including deductions for mandatory drug tests.

9.      Plaintiff Brittney Sharkey is a citizen of Mississippi County, Arkansas. Sharkey worked for U.S. Security as a security officer in Arkansas from approximately December 2014 until 2016. Sharkey primarily worked for U.S. Security at Atlas Tube in Blytheville, Arkansas. During the past three years, Sharkey has worked more than 40 hours in one or more workweeks, and she was not paid overtime compensation for all her overtime hours worked. Also, during the past three years, Sharkey was not paid the minimum wage for all her hours worked up to 40 in a workweek because of U.S. Security's unlawful deductions, including deductions for mandatory drug tests.

10.     Plaintiff Jerry Terry is a citizen of Pemiscot County, Missouri. Terry worked for U.S. Security as a security officer in Arkansas from approximately April 2012 until March 2017. Terry primarily worked for U.S. Security at Atlas Tube in Blytheville, Arkansas. During the past three years, Terry has worked more than 40 hours in one or more workweeks, and he was not paid overtime compensation for all his overtime hours worked. Also, during the past three years, Terry was not paid the minimum wage for all his hours worked up to 40 in a workweek because of U.S. Security's unlawful deductions, including deductions for mandatory drug tests.

11.     Plaintiff Carolyn Tucker is a citizen of Crittenden County, Arkansas. Tucker has worked for U.S. Security as a security officer in Arkansas since approximately March 2010. Tucker primarily works for U.S. Security at Walmart in West Memphis, Arkansas. During the past three years, Tucker has worked more than 40 hours in one or more workweeks, and she was not paid overtime compensation for all her overtime hours worked. Also, during the past three years, Tucker was not paid the minimum wage for

all her hours worked up to 40 in a workweek because of U.S. Security's unlawful deductions, including deductions for mandatory drug tests.

12.     Plaintiff Veronica Turner is a citizen of Crittenden County, Arkansas. Turner has worked for U.S. Security as a security officer in Arkansas since 2013. Turner primarily works for U.S. Security at Walmart in West Memphis, Arkansas. During the past three years, Turner has worked more than 40 hours in one or more workweeks, and she was not paid overtime compensation for all her overtime hours worked. Also, during the past three years, Turner was not paid the minimum wage for all her hours worked up to 40 in a workweek because of U.S. Security's unlawful deductions, including deductions for mandatory drug tests.

13.     Plaintiff Janice Williams is a citizen of Crittenden County, Arkansas. Williams worked for U.S. Security as a security officer in Arkansas for approximately six months in 2015. Williams primarily worked for U.S. Security at Walmart in West Memphis, Arkansas. During the past three years, Williams has worked more than 40 hours in one or more workweeks, and she was not paid overtime compensation for all her overtime hours worked. Also, during the past three years, Williams was not paid the minimum wage for all her hours worked up to 40 in a workweek as a result of U.S. Security's unlawful deductions, including deductions for mandatory drug tests.

14.     Plaintiff Maresha Williams is a citizen of Pulaski County, Arkansas. Williams has worked for U.S. Security as a security officer in Arkansas since March 2017. Williams primarily works for U.S. Security at PFG and Celadon in Little Rock, Arkansas. During the past three years, Williams has worked more than 40 hours in one or more

workweeks, and she was not paid overtime compensation for all her overtime hours worked. Also, during the past three years, Williams was not paid the minimum wage for all her hours worked up to 40 in a workweek because of U.S. Security's unlawful deductions, including deductions for mandatory drug tests.

15.     Defendant U.S. Security Associates, Inc. is a Delaware corporation with its principal place of business in Georgia. U.S. Security is one of the nation's largest private security services firms, and engages in business, commerce, and trade in the State of Arkansas. U.S. Security is an employer of Plaintiffs and putative class members within the meaning of the Arkansas Minimum Wage Act, and is an employer covered by the Act. U.S. Security can be served through its registered agent The Corporation Company, 425 West Capitol Avenue, Suite 1700, Little Rock, Arkansas 72201.

16.     At all relevant times, Plaintiffs and the putative class members have been entitled to the rights, protections, and benefits of the Arkansas Minimum Wage Act, Arkansas Drug Free Workplaces Act, and the Arkansas Deceptive Trade Practices Act.

17.     At all relevant times, Plaintiffs and the putative class members have been "employees" of U.S. Security. Ark. Code Ann. § 11-4-203(3).

18.     At all relevant times, U.S. Security was the "employer" of Plaintiffs and the putative class members. Ark. Code Ann. § 11-4-203(4).

19.     This Court has jurisdiction over the Plaintiffs' claims and subject matter of this action. Ark. Code Ann. § 16-13-201.

20.     Venue lies within this district because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within this district. Ark. Code Ann. §

16-60-101(a)(1). Specifically, throughout the relevant period, U.S. Security transacted business in, and employed Plaintiffs and putative class members in, Pulaski County, Arkansas. Further, venue is also appropriate here because it was the county in which Plaintiffs Parker, Baker, Lambert, and Maresha Williams resided while employed by U.S. Security. Ark. Code Ann. § 16-60-101(a)(3)(a).

### III. FACTS

21.     Defendant U.S. Security Associates, Inc. ("U.S. Security") is one of the nation's largest private security services firms. U.S. Security contracts with various businesses throughout Arkansas to provide security services, sometimes providing 24-hour security.

22.     To provide its services, U.S. Security hired Plaintiffs to work as nonexempt security officers.

23.     After Plaintiffs were hired, they were assigned to work for a third-party company with which U.S. Security has contracted to provide security services. For example, Plaintiff Parker was primarily assigned to provide security for XPO Logistics in Little Rock, Arkansas.

24.     Throughout their tenure at U.S. Security, Plaintiffs may be permanently reassigned to work for other third-party companies, or temporarily sent to fill a vacant security post for another contracted company.

25.     Regardless at which location Plaintiffs may be working, their essential job duties are the same: provide basic security officer services, including monitoring parking

lots for break-ins, patrolling perimeters, maintaining visitor logbooks, operating gates, or other similar duties.

26.    U.S. Security requires its security officers to wear a designated uniform while working for the Company. http://www.ussecurityassociates.com/career/career-opportunities-with-us-security-associates.php (last accessed December 14, 2017).

27.    In addition, U.S. Security requires that its security officers pass a background check and drug screen to work for the company. http://www.ussecurityassociates.com/career/career-opportunities-with-us-security-associates.php (last accessed December 14, 2017).

28.    Plaintiffs were low-wage earners and their purported hourly rate of pay was at or near the minimum wage.

29.    Upon information and belief, in addition to the standard, lawful deductions for taxes, social security, and similar items, U.S. Security also made other deductions from Plaintiffs' and putative class members' wages. For example, upon information and belief, U.S. Security deducted the cost of its required uniform from Plaintiffs' and putative class members' pay.

30.    Likewise, upon information and belief, U.S. Security also deducted the cost of employee badges, mandatory drug tests, and other items from Plaintiffs' and putative class members' pay.

31.    Plaintiffs and putative class members were paid less than the minimum wage because the deductions drove Plaintiffs' and putative class members' effective hourly rate below the minimum rate required by Arkansas law.

32.     Upon information and belief, each Plaintiff was paid less than the Arkansas minimum wage in at least one or more workweeks during the past three years. Plaintiffs and those similarly situated are entitled to be paid at least the Arkansas minimum wage for all hours worked up to 40 in a workweek.

33.     In addition, Plaintiffs and putative class members were oftentimes not paid overtime compensation for their hours worked over 40 in a workweek.

34.     Upon information and belief, U.S. Security's management employed various tactics to avoid paying Plaintiffs and putative class members overtime, including changing employee time logs, paying employees straight-time compensation instead of one-and-a-half times their regular rate of pay for hours worked over 40, or only paying employees for 40 hours regardless of how many hours they worked in the workweek. These methods were done as part of a comprehensive company practice to reduce and control labor costs.

35.     Upon information and belief, each Plaintiff worked more than 40 hours in at least one or more workweeks during the past three years. U.S. Security did not pay Plaintiffs an overtime premium for all their hours worked over 40 in a workweek. Plaintiffs and those similarly situated are entitled to payment for any hours worked over 40 in a workweek at one-and-a-half times their regular rate of pay.

## IV. CLASS ACTION ALLEGATIONS – AMWA CLASS

36.     Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

37.     Plaintiffs bring this action for violation of the AMWA as a class action under Rule 23 of the *Arkansas Rules of Civil Procedure* on behalf of all persons who were, are, or will be employed by U.S. Security Associates, Inc. as a security guard in Arkansas within the past three years.

38.     Plaintiffs reserve the right to modify or amend the proposed class definition subject to additional information gained through further investigation and discovery.

39.     Members of the putative class are so numerous that joinder of all such members is impracticable. The exact size of the class is unknown, but it is believed to exceed 40 individuals. Defendants should have records of the names and addresses of the putative class members, as they are required by law to keep such records. Ark. Code Ann. § 11-4-217.

40.     There are common questions of law and fact applicable to the putative class with respect to liability, relief, and anticipated affirmative defenses, which predominate over any questions affecting individual members only. These factual and legal questions include:

        a.     Whether U.S. Security is considered an "employer" of Plaintiffs and putative class members under the AMWA;

b.    Whether U.S. Security satisfied its obligation to pay Plaintiffs and others similarly situated the minimum wage and overtime payments required by the AMWA;

c.    Whether U.S. Security's actions were willful;

d.    Whether U.S. Security complied with its recordkeeping obligations under the AMWA;

e.    Whether Plaintiffs and putative class members are entitled to liquidated damages;

f.    Whether Plaintiffs and putative class members are entitled to attorneys' fees, costs, and expenses.

41.    U.S. Security acted and refused to act on grounds generally applicable to Plaintiffs and others similarly situated.

42.    Plaintiffs' claims are typical of the putative class. Like all other putative class members, Plaintiffs were subject to U.S. Security's common practice of not paying minimum wage or overtime to which the employees were entitled under Arkansas law. This is the predominant issue that pertains to the claims of Plaintiffs and the members of the AMWA class.

43.    Plaintiffs will fairly and adequately protect the interest of the putative class. They have no conflicts with putative class members and have suffered the same injury as members of the putative class. Plaintiffs' counsel possesses the requisite resources and experience in class action litigation to adequately represent Plaintiffs and putative class members in prosecuting the claims here.

44.     The questions of law and fact common to Plaintiffs and members of the putative class predominate over any question affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

### V. CLASS ACTION ALLEGATIONS – DRUG TEST DEDUCTION CLASS

45.     Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

46.     Plaintiffs bring this action for violation of the Arkansas Drug Free Workplaces Act, the Arkansas Deceptive Trade Practices Act, and conversion and unjust enrichment as a class action under Rule 23 of the *Arkansas Rules of Civil Procedure* on behalf of all persons who were, are, or will be employed by U.S. Security Associates, Inc. as a security guard in Arkansas, who have not tested positive for an illegal drug while employed at U.S. Security Associates, and whose wages were deducted for the cost of a physical, medical examination, or drug test.

47.     Plaintiffs reserve the right to modify or amend the proposed class definition subject to additional information gained through further investigation and discovery.

48.     Members of the putative class are so numerous that joinder of all such members is impracticable. The exact size of the class is unknown, but it is believed to exceed 40 individuals. U.S. Security should have records of the names and addresses of the putative class members, as they are required by law to keep such records. Ark. Code Ann. § 11-4-217; 010 Ark. Code R. § 14-102(A)(1)(j).

49.    There are common questions of law and fact applicable to the putative class with respect to liability, relief, and anticipated affirmative defenses, which predominate over any questions affecting individual members only. These factual and legal questions include:

a.    Whether U.S. Security's deduction for mandatory drug tests violates the Arkansas Drug Free Workplaces Act;

b.    Whether U.S. Security's deduction for mandatory drug tests is a deceptive trade practice;

c.    Whether U.S. Security's deduction for mandatory drug tests unlawfully converted the property of Plaintiffs and putative class members;

d.    Whether U.S. Security was unjustly enriched when it shifted the cost of its mandatory drug testing onto Plaintiffs and putative class members in violation of Arkansas law;

e.    Whether Plaintiffs and putative class members are entitled to attorneys' fees, costs, and expenses.

50.    U.S. Security acted and refused to act on grounds generally applicable to Plaintiffs and others similarly situated.

51.    Plaintiffs' claims are typical of the putative class. Like all other putative class members, Plaintiffs were subject to U.S. Security's common practice of deducting the cost of mandatory drug tests from their wages even though they did not test positive for illegal drugs while employed at U.S. Security. This is the predominant issue that pertains to the claims of Plaintiffs and the members of the Drug Test Deduction class.

52.     Plaintiffs will fairly and adequately protect the interest of the putative class. They have no conflicts with putative class members and have suffered the same injury as members of the putative class. Plaintiffs' counsel possesses the requisite resources and experience in class action litigation to adequately represent Plaintiffs and putative class members in prosecuting the claims here.

53.     The questions of law and fact common to Plaintiffs and members of the putative class predominate over any question affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

54.     Plaintiffs' class claims are appropriate to proceed under the Arkansas Deceptive Trade Practices Act. Although Act 986 of 2017 purports to prohibit private class actions for violations of the ADTPA unless the claim is for a violation of the usury limits under Amendment 89 of the Arkansas Constitution, that prohibition violates Amendment 80 to the Arkansas Constitution because it is in direct conflict with Rule 23 of the *Arkansas Rules of Civil Procedure*. As a result, the prohibition is an unconstitutional intrusion into the Arkansas Supreme Court's procedural authority.

**VI. CLAIM I:**
**AMWA: FAILURE TO PAY MINIMUM WAGE**
**(PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED)**

55.    Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

56.    At all relevant times, Plaintiffs and putative class members were "employees" as that term is defined by the Arkansas Minimum Wage Act. Ark. Code Ann. § 11-4-203(3).

57.    At all relevant times, U.S. Security was Plaintiffs' and putative class members' "employer" as defined by Ark. Code Ann. § 11-4-203(4).

58.    At all relevant times, U.S. Security had 4 or more employees, and it suffered and permitted Plaintiffs and putative class members to work as security officers.

59.    Ark. Code Ann. § 11-4-210(a) provides that "beginning October 1, 2006, every employer shall pay each of his or her employees wages at the rate of not less than six dollars and twenty-five cents ($6.25) per hour except as otherwise provided in this subchapter. Beginning January 1, 2015, every employer shall pay his or her employees wages at the rate of not less than seven dollars and fifty cents ($7.50) per hour, beginning January 1, 2016, the rate of not less than eight dollars ($8.00) per hour, and beginning January 1, 2017, the rate of not less than eight dollars and fifty cents ($8.50) per hour, except as otherwise provided in this subchapter." Ark. Code Ann. § 11-4-210(a)(1)-(2).

60.    The regulations interpreting the Arkansas Minimum Wage Act provide that an employer cannot make deductions from the minimum wage except those authorized by the Rules, deductions authorized or required by law, and deductions not otherwise

**Page 15 of 25**

prohibited which are for the employee's benefit and authorized by the employee in writing. 010 Ark. Code R. § 14-107(B).

61.    At all relevant times, U.S. Security failed and refused to compensate Plaintiffs and putative class members for work performed at the rates required by Ark. Code Ann. § 11-4-210.

62.    Although Plaintiffs and putative class members worked for U.S. Security as security officers, they were not paid at least the minimum wage for all their hours worked up to 40 in a workweek because U.S. Security made unlawful deductions from Plaintiffs' and putative class members' wages for uniforms, employee badges, mandatory drug tests, and other deductions.

63.    These unlawful deductions were not authorized by law, rule, or for the employee's benefit and authorized by the employee in writing. *See* 010 Ark. Code R. § 14-107(B).

64.    Plaintiffs and putative class members did not fit under any exemption to the Arkansas Minimum Wage Act's minimum wage provisions, and it is U.S. Security's burden to prove any such claimed exemptions.

65.    Plaintiffs and putative class members are entitled to be paid the minimum wage for all hours worked up to 40 in a workweek.

66.    Upon information and belief, U.S. Security failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of Ark. Code Ann. § 11-4-217. As a result, Plaintiffs and putative class members are entitled to damages

based on a just and reasonable inference of the unpaid hours worked. *Marine Servs. Unlimited v. Rakes*, 323 Ark. 757, 767, 918 S.W.2d 132, 137 (1996) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 688 (1946)).

67.    U.S. Security's violations entitle Plaintiffs and putative class members to liquidated damages pursuant to Ark. Code Ann. § 11-4-218(a)(2) in an amount equal to their unpaid overtime wages.

68.    Plaintiffs and putative class members are entitled to an award of attorneys' fees, costs, and expenses in bringing their Arkansas Minimum Wage Act claims pursuant to Ark. Code Ann. § 11-4-218(a)(1)(B)(ii).

## VII. CLAIM II:
### AMWA: FAILURE TO PAY OVERTIME
#### (PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED)

69.    Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

70.    At all relevant times, Plaintiffs and putative class members were "employees" as that term is defined by the Arkansas Minimum Wage Act. Ark. Code Ann. § 11-4-203(3).

71.    At all relevant times, U.S. Security was Plaintiffs' and putative class members' "employer" as defined by Ark. Code Ann. § 11-4-203(4).

72.    At all relevant times, U.S. Security had 4 or more employees, and it suffered and permitted Plaintiffs and putative class members to work as security officers.

73.    Ark. Code Ann. § 11-4-211(a) provides that "no employer shall employ any of his or her employees for a work week longer than forty (40) hours unless the employee

receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half (1 ½) times the regular rate of pay at which he or she is employed."

74.     At all relevant times, U.S. Security failed and refused to compensate Plaintiffs and the putative class members for work performed at the rate required by Ark. Code Ann. § 11-4-211. Although Plaintiffs and the putative class members worked more than 40 hours nearly every week, they were never paid overtime compensation.

75.     Plaintiffs and the putative class members did not fit under any exemption to the Arkansas Minimum Wage Act's maximum hours provision, and it is U.S. Security's burden to prove any such claimed exemptions.

76.     Plaintiffs and the putative class members are entitled to overtime compensation for their hours worked over 40 hours in a workweek.

77.     Upon information and belief, U.S. Security failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of Ark. Ann. § 11-4-217. As a result, Plaintiffs and the putative class members are entitled to damages based on a just and reasonable inference of the unpaid hours worked. *Marine Servs. Unlimited v. Rakes*, 323 Ark. 757, 767, 918 S.W.2d 132, 137 (1996) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 688 (1946)).

78.     U.S. Security's violations entitle Plaintiffs and the putative class members to liquidated damages pursuant to Ark. Code Ann. § 11-4-218(a)(2) in an amount equal to their unpaid overtime wages.

79.     Plaintiffs and the putative class members are entitled to an award of attorneys' fees, costs, and expenses in bringing their Arkansas Minimum Wage Act claims pursuant to Ark. Code Ann. § 11-4-218(a)(1)(B)(ii).

## VIII. CLAIM III:
### ARKANSAS DECEPTIVE TRADE PRACTICES ACT
### (PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED)

80.     Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

81.     Arkansas law makes it unlawful for any person, partnership, association, or corporation, to require any employee or applicant for employment to pay any part of the cost of an employer mandated physical, medical examination, or drug test. Ark. Code Ann. § 11-3-203(a)(1)-(2). The only exception is that an employee may agree to bear the costs of future drug tests or screens if the employee tests positive for illegal drugs. Ark. Code Ann. § 11-3-203(a)(3). Further, the Arkansas Drug Free Workplaces Act expressly provides that an employer subject to Arkansas' workers compensation laws "shall pay the cost of all drug and alcohol tests, initial and confirmation, that the covered employer requires of employees." Ark. Code Ann. § 11-14-107(d).

82.     U.S. Security is a "covered employer" as that term is defined in the Act. Ark. Code Ann. § 11-14-102(5).

83.     Upon information and belief, despite being a covered employer, U.S. Security deducted the cost of required drug tests from Plaintiffs' and putative class members' wages, thereby shifting the cost of those required drug tests to the employees.

84.     U.S. Security engaged in an unconscionable, false, or deceptive act or practice in business, commerce, or trade when it shifted the cost of its mandatory drug testing onto Plaintiffs and putative class members in violation of Arkansas law.

85.     U.S. Security's conduct proximately caused damage to Plaintiffs and putative class members.

86.     U.S. Security knew or ought to have known that its conduct would result in injury to Plaintiffs and putative class members and it continued in such conduct in reckless disregard of the consequences. As a result, Plaintiffs are entitled to punitive damages.

87.     Plaintiffs seek compensatory damages in an amount exceeding $75,000.00, including reimbursement for the unlawfully deducted drug test.

88.     Plaintiffs and the putative class members are entitled to an award of attorneys' fees, costs, and expenses in bringing their Deceptive Trade Practices Act claim.

### IX. CLAIM IV:
### ARKANSAS DRUG FREE WORKPLACES ACT
### (PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED)

89.     Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

90.     The Arkansas Drug Free Workplaces Act expressly provides that an employer subject to Arkansas' workers compensation laws "shall pay the cost of all drug and alcohol tests, initial and confirmation, that the covered employer requires of employees." Ark. Code Ann. § 11-14-107(d).

91.    U.S. Security is a "covered employer" as that term is defined in the Act. Ark. Code Ann. § 11-14-102(5).

92.    Upon information and belief, despite being a covered employer, U.S. Security deducted the cost of required drug tests from Plaintiffs' and putative class members' wages, thereby shifting the cost of those required drug tests to the employees.

93.    U.S. Security's conduct proximately caused damage to Plaintiffs and putative class members.

94.    U.S. Security knew or ought to have known that its conduct would result in injury to Plaintiffs and putative class members and it continued in such conduct in reckless disregard of the consequences. As a result, Plaintiffs are entitled to punitive damages.

95.    Plaintiffs seek compensatory damages in an amount exceeding $75,000.00, including reimbursement for the unlawfully deducted drug test.

96.    Plaintiffs and the putative class members also seek an award of attorneys' fees, costs, and expenses.

## X. CLAIM V:
### UNJUST ENRICHMENT
#### (PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED)

97.    Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

98.    Upon information and belief, at all relevant times, U.S. Security deducted the cost of required drug tests from Plaintiffs' and putative class members' wages, thereby shifting the cost of those required drug tests to the employees.

99.    U.S. Security was aware that Plaintiffs and putative class members were paying for the required drug test because the Company deducted those amounts from the employees' wages.

100.    Arkansas law makes it unlawful for any person partnership, association, or corporation, to require any employee or applicant for employment to pay any part of the cost of an employer mandated physical, medical examination, or drug test. Ark. Code Ann. § 11-3-203(a)(1)-(2). The only exception is that an employee may agree to bear the costs of future drug tests or screens if the employee tests positive for illegal drugs. Ark. Code Ann. § 11-3-203(a)(3); *see also* Ark. Code Ann. § 11-14-107(d).

101.    By shifting the cost of the required drug test, U.S. Security was unjustly enriched at the expense of Plaintiffs and the putative class members. U.S. Security benefited from shifting that cost and it would be unfair, unjust, and inequitable to allow U.S. Security to retain those benefits.

102.    Plaintiffs and putative class members are entitled to recover from U.S. Security damages resulting from this common policy and practice.

### XI. CLAIM VI:
### CONVERSION
#### (PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED)

103.    Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

104.    Arkansas law makes it unlawful for any person partnership, association, or corporation, to require any employee or applicant for employment to pay any part of the cost of an employer mandated physical, medical examination, or drug test. Ark. Code

Ann. § 11-3-203(a)(1)-(2). The only exception is that an employee may agree to bear the costs of future drug tests or screens if the employee tests positive for illegal drugs. Ark. Code Ann. § 11-3-203(a)(3); *see also* Ark. Code Ann. § 11-14-107(d).

105.    U.S. Security unlawfully shifted the cost of required drug tests to Plaintiffs and putative class members by deducting from Plaintiffs' and putative class members' wages the cost of the drug tests.

106.    As a result, U.S. Security intentionally took or exercised dominion or control over Plaintiffs' and the putative class members' property in violation of their rights.

107.    U.S. Security acted with malice or in reckless disregard of the consequences of retaining Plaintiffs' and the putative class members' wages.

108.    Plaintiffs and the putative class members are entitled to the wages wrongfully converted by U.S. Security, interest, and punitive damages.

## XII. Prayer for Relief

WHEREFORE, Plaintiffs, on behalf of themselves and the classes of similarly-situated individuals they seek to represent, respectfully request this Court:

a.      Enter an order certifying Plaintiffs' claims brought under the Arkansas Minimum Wage Act for treatment as a class action;

b.      Enter an order certifying Plaintiffs' claims brought under the Arkansas Drug Free Workplaces Act, the Arkansas Deceptive Trade Practices Act, conversion and unjust enrichment for treatment as a class action;

c.      Designate Plaintiffs as Class Representatives;

    d.      Appoint Holleman & Associates, P.A. as class counsel;

    e.      Enter a declaratory judgment that the practices complained of herein are unlawful under Arkansas law;

    f.      Enter a permanent injunction restraining and preventing U.S. Securities from withholding the compensation that is due to their employees, from retaliating against any of them for taking part in this action, and from further violating their rights under Arkansas law;

    g.      Enter an Order for complete and accurate accounting of all the compensation to which Plaintiffs and all other similarly-situated employees are entitled;

    h.      Award Plaintiffs and all putative class members compensatory damages in an amount equal to the unpaid back wages at the applicable minimum wage and overtime rates from three (3) years prior to this lawsuit through the date of trial;

    i.      Award Plaintiffs and all putative class members liquidated damages in an amount equal to their compensatory damages;

    j.      Award Plaintiffs and all putative class members punitive damages;

    k.      Award Plaintiffs and all putative class members all recoverable costs, expenses, and attorneys' fees incurred in prosecuting this action and all claims, together with all applicable interest; and

    l.      Grant Plaintiffs and all putative class members all such further relief as the Court deems just and appropriate.

## XIII. JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable.

HOLLEMAN & ASSOCIATES, P.A.
1008 West Second Street
Little Rock, Arkansas 72201
Tel. 501.975.5040
Fax 501.975.5043

Respectfully Submitted,

John Holleman, ABN 91056
jholleman@johnholleman.net
Timothy A. Steadman, ABN 2009113
tim@johnholleman.net
Jerry Garner, ABN 2014134
jerry@johnholleman.net