IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**GEORGE PARKER, *ET AL.***                                                    **PLAINTIFFS**

**VS.**                             **4:18-CV-00100-BRW**

**U.S. SECURITY ASSOCIATES**                                         **DEFENDANT**

## **ORDER**

Pending is Plaintiffs' Motion to Remand (Doc. No. 4). Defendant has responded and Plaintiffs have replied.[1]

Plaintiffs filed the Complaint on January 5, 2018, and Defendant filed a notice of removal on February 5, 2018. Three days later, Plaintiffs filed the Motion to Remand.[2] Plaintiffs also filed Amended Complaint that removed references to the amount in controversy being over $75,000 and added a non-diverse Defendant.[3]

Defendant objects to Plaintiffs' attempts to destroy jurisdiction by removing the amount-in-controversy reference and to add a non-diverse Defendant. "It is well established that the requirements for diversity jurisdiction must be satisfied only with respect to the time of filing. Subsequent events reducing the amount in controversy do not destroy diversity jurisdiction."[4]

Relying on 28 U.S.C. § 1446(c)(2), Defendant points out that "[i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded

---

[1]Doc. Nos. 8, 12.

[2]Doc. No. 4.

[3]Doc. No. 6.

[4]*Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010).

1

in good faith in the initial pleading shall be deemed to be the amount in controversy."[5] (Notably, Defendant provided no other argument to support its position that the amount-in-controversy threshold is met.) However, Plaintiffs' allegations in the Complaint are "not dispositive of the amount in controversy inquiry."[6] Section 1446(c)(2)(B) also provides that the Court must find by the preponderance of the evidence that the amount in controversy exceeds the $75,000 threshold -- and in this case, the minimum would be for <u>each</u> Plaintiff.[7] Defendant has not established this by a preponderance of the evidence.

As alleged -- see paragraph 34 of the Complaint -- it is impossible to come up with an estimation that applies to all Plaintiffs. The Complaint alleges that Plaintiffs were "low-wager earners" with hourly rates of pay "at or near the minimum wage."[8] Some Plaintiffs assert that they were not paid properly for overtime and seek damages for three years before the case was filed. Assuming that each Plaintiff was making minimum wage ($8.50 an hour) and worked 20 hours of overtime each week for the entire year (highly unlikely), the total unpaid overtime compensatory damages would be only $4,420 per year.[9] With liquidated damages equal to actual

---

[5] Doc. No. 8.

[6] *Robertson v. 1859 Historic Hotels, Ltd.*, No. 4:06-CV-01727, 2007 WL 1288678, at *1-2 (E.D. Ark. May 1, 2007) ("Plaintiff's allegation in her Complaint that she believes her damages exceed $75,000 is not dispositive of the amount in controversy inquiry.").

[7] *Krahn v. Cross Country Bank*, No. CIV.01-2069 (PAM/RLE), 2003 WL 21005295, at *1 (D. Minn. Apr. 23, 2003) (citing *Crawford v. F. Hoffman–La Roche, Ltd.*, 267 F.3d 760, 765–66 (8th Cir.2001)) ("For this Court to have jurisdiction under § 1332, each Plaintiff's claim, including actual damages, punitive damages, and attorneys' fees, must meet the amount in controversy requirement, unless Plaintiffs seek to enforce a single claim that is undivided and common to the class, such as a single indivisible res.").

[8] Doc. No 2.

[9] $8.50 x 20 hours = $170 x 52 weeks = $8,840. This total is divided by two, since Plaintiffs' damages would be only the .5 times the rate allegedly not paid for overtime.

2

damages, the total is only $26,520 over a three year period.  Even punitive damages and the requested reimbursement for drug tests, employee badges, and uniforms are unlikely to make up the additional $50,000 for each Plaintiff.

## CONCLUSION

For the reasons set out above, Plaintiffs' Motion to Remand (Doc. No. 4) is GRANTED. The Clerk of the Court is directed to immediately remand this case to the Circuit Court of Pulaski County, Arkansas.

IT IS SO ORDERED this 5th day of March, 2018.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE